UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH ORLANDO SPARKS,<br><br>　　　　　Defendant. | Case No.  21-cr-00281-VC-1<br><br>**ORDER RE GOVERNMENT'S MOTION IN LIMINE NO. 2**<br><br>Re: Dkt. No. 91 |

　　　　The motion to exclude the proposed testimony from defense expert Crystal Deboise is granted. The testimony described in defense counsel's disclosure letter will not help the jury understand the evidence or determine a fact at issue. *See* Fed. R. Evid. 702(a).

　　　　To convict on Count 2 (the section 1591 charge), the government does not need to prove that Sparks specifically intended to cause R.G. to engage in commercial sex acts or that Sparks coerced R.G. to engage in commercial sex acts. *See United States v. Brooks*, 610 F.3d 1186, 1195 (9th Cir. 2010). All that is required is that he acted in the ways proscribed by statute *knowing* that R.G. would engage in such acts. *Id.* To use a hypothetical discussed at the hearing, if a cab driver knows he is driving a minor to a client's house where she will engage in commercial sex acts, he violates the statute even if he did not specifically intend to cause her to engage in the acts and even if he did not coerce her to engage in the acts. Furthermore, the government has disavowed any allegation that Sparks exercised any coercive power over R.G. (including, to use the government's words, "soft coercion"). Therefore, expert testimony designed to undermine any assumptions about the nature of a man's relationship with a female sex worker is irrelevant to determining whether Sparks is guilty of this count.

With respect to Count 3 (the section 2422(b) charge), the government must prove that Sparks enticed, induced, or coerced R.G. to produce sexually explicit videos. Again, the government has disavowed any allegation that Sparks coerced R.G. to produce the videos or that he exercised any coercive power over her in general. By definition, this means the government is limited to arguing that Sparks "enticed" or "induced" R.G. to produce the videos. Therefore, expert testimony about the different types of relationships a man might have with a female sex worker, designed to open the jury's mind to the possibility that Sparks might have been a supportive friend to R.G., will not be helpful to the jury.

Even if the proposed expert testimony had some minimal relevance to the case as the government plans to present it, it would be excluded under Rule 403 because its probative value is substantially outweighed by the likelihood that it would waste the jury's time and/or create jury confusion.

As with any ruling on a motion in limine, this ruling can be revisited at trial if the government expressly or impliedly portrays the relationship between Sparks and R.G. in a manner that would render the proposed opinion helpful to the jury.

**IT IS SO ORDERED.**

Dated: July 26, 2022

_____
VINCE CHHABRIA
United States District Judge