UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>    v.<br>KENNETH ORLANDO SPARKS,<br>            Defendant. | Case No. 21-cr-00281-VC-1<br><br>**ORDER RE SECTION 1591 KNOWLEDGE REQUIREMENT**<br><br>Re: Dkt. Nos. 126, 129 |

      The parties agree on the knowledge requirements for all the charges in this case, except for the sex trafficking charge under 18 U.S.C. § 1591(a)(1), (b)(2), and (c).[1] Section 1591(c) provides that "[i]n a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe" the minor, "the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years." Sparks argues that this statute is ambiguous, and the government should be required to prove knowledge or reckless disregard of R.G.'s age. Sparks relies on caselaw interpreting a prior version of the statute, but the statute was amended in 2015 to resolve any potential ambiguity. *See United States v. Whyte*, 928 F.3d 1317, 1329–30 (11th Cir. 2019). Given the revision, the statute is not ambiguous: the government is not required to show knowledge or reckless disregard of R.G.'s age so long as Sparks had a "reasonable opportunity to observe" her.

      Sparks also argues that the "reasonable opportunity to observe" standard violates the Due

---

[1] The parties agree that the production of child pornography charge under 18 U.S.C. § 2251(a) is subject to an affirmative defense of reasonable belief of age. Whether Sparks is entitled to that defense will be decided after the evidence comes in.

Process Clause and the Eighth Amendment's prohibition on cruel and unusual punishment. It does not. *See, e.g.*, *United States v. Hunt*, 622 F. App'x 656, 657–58 (9th Cir. 2015); *United States v. Dickerson*, 735 F. App'x 349, 350 (9th Cir. 2018).

**IT IS SO ORDERED.**

Dated: November 1, 2022

VINCE CHHABRIA
United States District Judge