UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNETH ORLANDO SPARKS,<br><br>        Defendant. | Case No. 21-cr-00281-VC-1<br><br>**ORDER RE MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 91, 92, 126, 129, 132 |

**Sexually Explicit Videos and Pictures**

The Government's Motion in Limine No. 7 to admit certain sexually explicit pictures and videos is granted in part and denied in part. The Defendant's Motion in Limine No. 12 to exclude these pictures and videos is granted in part and denied in part.

The government may admit the screenshots and pictures of R.G. and Sparks having sex, so long as they redact the portions of these images that show Sparks' and R.G.'s genitals.[1] These screenshots go to a disputed issue (Sparks' perception of R.G.'s age). Although the screenshots are not highly probative of that issue, the danger of unfair prejudice is minimal given the redactions and the fact that R.G. is comparatively older than some alleged minor victims. *See* Fed. R. Ev. 403. While Sparks has agreed to stipulate to descriptions of these screenshots and pictures, "the prosecution is [generally] entitled to prove its case by evidence of its own choice," and the screenshots contribute to the government's narrative of the case. *Old Chief v. United*

---

[1] For the sake of clarity, the government should redact these screenshots and pictures just as they redacted the thumbnails on the sheets of metadata submitted in support of their supplemental motion. *See, e.g.,* Dkt. No. 129-1 at 26.

*States*, 519 U.S. 172, 186–89 (1997).

Based on this record, the government may not admit the videos showing R.G. and Sparks having sex. Although the videos also go to Sparks' perception of R.G.'s age, they are only marginally more probative than the screenshots and pictures. And the videos pose a much higher risk of unfair prejudice: it would be difficult to redact the explicit portions of the videos, and a jury might have a strong reaction to seeing a video of Sparks anally penetrating an alleged minor. Combined with the screenshots, the videos would also be unnecessarily cumulative. If the evidence comes in in such a way that the videos are more probative than the government has argued thus far, the government may ask to revisit this decision.

The government also may not admit the close-up videos of R.G. urinating and defecating (or the screenshots of these videos). The probative value of these videos is substantially outweighed by the danger of unfair prejudice: the videos do not go to any disputed element in this case, and Sparks has agreed to stipulate to their content. *See United States v. Merino-Balderrama*, 146 F.3d 758, 762–63 (9th Cir. 1998). Any stipulation describing these videos should not exceed one or two sentences per video; it is enough to say that the videos are close-ups of R.G. urinating and defecating.

### R.G.'s Probation Status; R.G. as a "Victim"

*Probation Status.* The Defendant's Motion in Limine No. 2 to admit evidence of R.G.'s juvenile adjudication is granted in part and denied in part. The Government's Motion in Limine No. 8 to exclude evidence of R.G.'s juvenile adjudication is granted in part and denied in part. Sparks may admit evidence of R.G.'s probation status, but he may not specifically reference her juvenile adjudication for assault.

The admission of her probation status is not governed by Federal Rule of Evidence 609 because Sparks is not using it to directly impeach R.G. Rather, he is using it to show potential bias and to explain her statements to the police. *See Davis v. Alaska*, 415 U.S. 308, 319 (1974); *cf.* Fed. R. Evid. 404(b)(2). The fact that she has a juvenile adjudication for assault specifically is not relevant to Sparks' theory, and so it is inadmissible.

*R.G. as a "Victim."* The Defendant's Motion in Limine No. 9 to preclude the government from characterizing R.G. as a "victim" in front of the jury is granted in part and denied in part. The government may refer to R.G. as a victim in its opening statement and closing argument. The government will instruct its witnesses to avoid referring to her as a victim, and the Court will not refer to her as a victim.

### Reference to Self-Diagnosis and Topics Related to Punishment

*Self-Diagnosis of Mental Conditions.* The Government's Motion in Limine No. 11 to exclude self-diagnosis of physical or mental conditions is granted.

*Reference to Punishments, etc.* The Government's Motion in Limine No. 4 to preclude reference to punishment, plea agreements, or irrelevant and prejudicial background information is granted. Any reference to punishment is irrelevant and therefore generally inadmissible under Rule 401. If either party believes a reference to punishment becomes relevant over the course of the case, they must seek leave of the Court before introducing this evidence. Sparks has not suggested he intends to reference any plea agreements, but any reference to plea agreements is inadmissible under Rule 408(a). Sparks may introduce evidence of his background if it is relevant to the case under Rule 401 and consistent with Rule 403 balancing. The Court will rule on any specific objections to evidence of Sparks' background at trial.

### Hearsay

*Sparks' Out-of-Court Statements.* The Government's Motion in Limine No. 3 to admit Sparks' out-of-court statements and preclude Sparks from introducing his own out-of-court statements is granted in part. Under Rule 801(d)(2)(A), the government may introduce the defendant's out-of-court statements. If Sparks seeks to admit his own out-of-court statements, the Court will rule on any hearsay objections at that time.

If Sparks' seeks to include additional statements for the sake of completeness, "[t]he best application of Rule 106, in the Court's view, is that a defendant may not seek to introduce additional portions of their prior statements in their own case (because that would involve the introduction of hearsay statements) but they may, consistent with the language of Rule 106,

3

'require the introduction' by the government of portions of a statement that are necessary to prevent the statements proffered by the government from being misleading." *United States v. Shoar*, No. 14-CR-00510-VC-2, 2021 WL 5769815, at *2 (N.D. Cal. Dec. 6, 2021). "[T]o the extent that the case law applying Rule 106 is inconsistent with the preceding analysis, under Rule 403 the Court will not permit the government to offer excerpts of prior statements by the defendant that would be misleading if not placed in the context of other portions of the statement." *Id.*

*Hearsay Regarding R.G.'s Age.* The Defendant's Motion in Limine No. 11 to preclude hearsay regarding R.G.'s age is granted. The government may introduce non-hearsay evidence of R.G.'s age.

**Law Enforcement Officer Testimony**

*Opinion on R.G.'s Age or "Child Pornography."* The Defendant's Motion in Limine No. 10 to preclude law enforcement officers from giving their opinion about R.G.'s age in certain media or their opinion about whether that media is "child pornography" is granted. No witness may give an opinion about R.G.'s age in certain media.

*Henthorn Material.* The Government's Motion in Limine No. 10 to require Sparks to proffer a good-faith basis for any *Henthorn*-type questioning of a law enforcement witness is granted. If Sparks wishes to introduce any *Henthorn* material, the Court will decide the admissibility of that material prior to the law enforcement witness's testimony and outside the presence of the jury.

**Exclusion Orders and Subpoena of Witnesses**

*Defense Subpoena.* The Defendant's Motion in Limine No. 5 to designate all government witnesses as under defense subpoena unless released is granted in part. As discussed at the hearing, Officer Flannery will testify first, and then he will not be placed under defense subpoena because it is unlikely he will need to be called again, and he has a pre-existing scheduling conflict.

*Exclusion and Sequestration Order.* The Government's Motion in Limine No. 13 and

Defendant's Motions in Limine Nos. 6 and 7 regarding the exclusion of witnesses are granted in part and denied in part. All witnesses are ordered not to read trial transcripts or discuss the case with anyone other than counsel, and the parties must convey this order to their witnesses. Except for those exempted under Rule 615, all witnesses will be excluded from the courtroom during testimony. The government's designated case agent Michael Nicholas and the defendant's investigator Fredrick Anderson may be present during the trial under Rule 615. The defendant's request to exempt the defendant's expert from this exclusion order is denied as moot because the Court has excluded her testimony.

Agent Nicholas will not be required to testify first. Because Agent Nicholas's testimony focuses primarily on establishing the chain of custody for certain evidence, his testimony will likely not be affected by other witnesses' testimony. Additionally, requiring him to testify first will be confusing for the jury.

## Discovery and Pre-Trial Notice Obligations

*Reciprocal Discovery Obligations.* The Government's Motion in Limine No. 9 to enforce reciprocal discovery obligations is granted as modified. If either party has failed to disclose evidence in violation of Rule 16 or any other discovery obligation, they may not introduce that evidence at trial.

*Grand Jury Transcripts.* The Defendant's Motion in Limine No. 3 to produce all Grand Jury transcripts is denied as moot. The government has already produced all Grand Jury transcripts related to this case.

*Expert Testimony.* The Defendant's Motion in Limine No. 4 to exclude expert witnesses offered without appropriate notice is granted. The government stated that it does not intend to call any expert witnesses in its case in chief, but it reserved the right to call a rebuttal expert witness if the defendant's expert was allowed to testify. The defendant's expert's testimony has been excluded, and so no rebuttal witness should be required.

*Rule 404(b), 608, and 609 Evidence.* The Defendant's Motion in Limine No. 1 to preclude the government from introducing Rule 404(b), 608, and 609 evidence for which it has

not provided advance notice is granted.

### Admission of Phone Evidence and Other Documents

*Evidence from Sparks' Phone.* The Government's Motion in Limine No. 5 to admit certain evidence obtained from Sparks' phone and the victims' phone is granted. Sparks agrees that the evidence is authentic and relevant.

*Business Records.* The Government's Motion in Limine No. 6 to admit certain business records from Megapersonals pursuant to custodian certification is granted. Sparks has not objected to the admission of these records.

### Multimedia Resources

The Government's Motion in Limine No. 12 to permit use of multimedia resources is granted. Both parties may use multimedia resources if the opposing party and the Court have an opportunity to review them.

**IT IS SO ORDERED.**

Dated: November 18, 2022

_____
VINCE CHHABRIA
United States District Judge