UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH ORLANDO SPARKS,<br><br>　　　　Defendant. | Case No. 21-cr-00281-VC-1<br><br>**ORDER RE LIMITING INSTRUCTION**<br><br>Re: Dkt. No. 165 |

　　　　As relevant here, to prove that a defendant is guilty of sex trafficking of a minor pursuant to 18 U.S.C. § 1591, the government must prove four elements. First, that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited a person. 18 U.S.C. § 1591(a). Second, that the defendant knew or was in reckless disregard of the fact that the person would be caused to engage in a commercial sex act. *Id.* Third, that the defendant's acts were in or affecting interstate or foreign commerce. *Id.* And, finally, that the defendant either (a) knew or was in reckless disregard of the fact that the person was a minor, or (b) had a "reasonable opportunity to observe" the person. *Id.*; § 1591(c). That last part comes from section 1591(c), which says that if the defendant had a "reasonable opportunity to observe" a minor victim, the government does not need to prove that the defendant knew or was in reckless disregard of the victim's age.

　　　　It's clear from both the text of section 1591 and its legislative history that Congress intended to impose strict liability as to the victim's age so long as the defendant engaged in sex trafficking and had a reasonable opportunity to observe the victim. The text of section 1591(c) "provides that if the government proves the 'reasonable opportunity to observe' prong, it is

relieved from proving the defendant's knowledge or recklessness regarding the victim's minority," eliminating any *mens* rea requirement as to the age element. *United States v. Davis*, 854 F.3d 601, 604 n.2 (9th Cir. 2017). And according to a statement submitted by the chairs of the originating committees when the measure was discharged for consideration on the House Floor, the "reasonable opportunity to observe" standard is a "special evidentiary provision" that "reflects a similar provision in the aggravated sexual abuse offense," 18 U.S.C. § 2241(d). 154 Cong. Rec. H10904 (Dec. 12, 2008) (statement of Reps. Berman and Conyers). That "similar provision" specifies that the government does not need to prove knowledge of a minor's age for certain aggravated sexual abuse offenses. *See* 18 U.S.C. § 2241(d). The statement also references similar statutes that impose strict liability as to a minor victim's age. 154 Cong. Rec. H10904 (citing *United States v. Jones*, 471 F.3d 535 (4th Cir. 2006)).

The statement further explains that the "reasonable opportunity to observe" standard was "crafted in light of" the Supreme Court's decision in *United States v. X-Citement Video*. *Id.* There, the Court held that a statute prohibiting "knowingly" transporting, shipping, receiving, distributing, or reproducing child pornography required proof that the defendant knew the actor's age, in part because of a presumption in favor of *mens rea*. *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 71–72 (1994). The Court acknowledged that there was no presumption of *mens rea* for sex crimes at common law; a defendant could be convicted for statutory rape despite a "reasonable belief" that the victim was of age. *Id.* at 72 n.2. But in that context, "the perpetrator confronts the underage victim personally," and so the law requires the perpetrator to ascertain the victim's age no matter what. *Id.* In contrast, "the opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the [pornography] distributor or receiver," and so a presumption of *mens rea* is appropriate in those circumstances. *Id.* The "reasonable opportunity to observe" standard was intended to echo the sentiment that no *mens rea* as to the victim's age is necessary when a defendant can confront an underage victim.

Consistent with the text of the statute and its history, a number of courts have described

section 1591(c) as imposing "strict liability" as to the victim's age, so long as there is a "reasonable opportunity to observe" the victim. *See, e.g.*, *United States v. Alcius*, 952 F.3d 83, 87 (2d Cir. 2020) (per curiam). To be clear, section 1591(c) does not render sex trafficking of a minor an entirely strict liability offense: even if there is a reasonable opportunity to observe the victim, "§ 1591(a) includes another traditional scienter requirement—that the offender must know or recklessly disregard the fact that the victim 'will be caused to engage in a commercial sex act.'" *United States v. Koech*, 992 F.3d 686, 688 (8th Cir. 2021).

A number of courts have also held that the phrase "reasonable opportunity to observe" is not unconstitutionally vague. *See, e.g.*, *Koech*, 992 F.3d at 690. But none of these courts have attempted to define the phrase. The question here, as the parties and the Court prepare to instruct the jury, is what it means.

Here, the defendant argues that an "opportunity to observe" is only reasonable if, based on one's observations, a reasonable person would be able to figure out that the person was under eighteen. And based on that interpretation, he argues that the victim's appearance, mannerisms, and behavior are relevant to whether he had a reasonable opportunity to observe her. Several cases seem to imply that such evidence—or even the defendant's subjective understanding of the victim's age—is relevant to the reasonable opportunity to observe inquiry, but those cases don't analyze why that's true. *See, e.g.*, *Koech*, 992 F.3d at 689–690 (8th Cir.) (holding that the defendant had a reasonable opportunity to observe the victim in part because he told her she was "too beautiful to be eighteen"); *Alcius*, 952 F.3d at 87 (holding that there was sufficient evidence for a jury to conclude that the defendant had a reasonable opportunity to observe the victim in part because the defendant's interactions with the victim "enabled [the defendant] to form her own assessment of [the victim's] age" and the defendant testified that the victim looked "pretty young").

In contrast, the government argues that the word "reasonable" applies only to the defendant's opportunity to actually see the victim—something that is measured by the time and proximity of their interaction. The government cites to a jury instruction from one case that said,

3

"A [defendant] had a 'reasonable opportunity to observe' a person if he viewed the person, or if he had an in-person, face-to-face interaction with the person." *United States v. King*, Case No. 21-CR-184-CCW (W.D. Pa. June 29, 2022), Jury Instructions at 30 (Dkt. No. 179). Under this view, it is irrelevant whether the victim appeared to be over eighteen. While the defendant's case law only implicitly supports his argument, there are a number of cases that more explicitly support the government's interpretation. *See, e.g.*, *United States v. Kelsey*, 807 F. App'x 61, 65 (2d Cir. 2020) (holding that court did not abuse its discretion in precluding the defendant from introducing evidence that the victim appeared to be older than eighteen because the government had proceeded on a "reasonable opportunity to observe" theory); *United States v. Kelsey*, No. 17-CR-00036-JCH (D. Conn. May 21, 2018), Jury Instructions at 45 (Dkt. No. 153) (stating in jury instructions that whether the alleged victim appeared to be over eighteen is irrelevant to the "reasonable opportunity to observe" inquiry); *United States v. Hamlett*, No. 18-CR-24-VAB (D. Conn. Oct. 8, 2018), Jury Instructions at 55 (Dkt. No. 277) (same).

But both interpretations are at least slightly wrong. The defendant is wrong that a victim's appearance, mannerisms and behavior are relevant. It might be different if the statute said a "reasonable opportunity to ascertain the victim's age." In that case, one could perhaps argue that the opportunity would not be reasonable if the victim's appearance, mannerisms, and behavior were such that it would be impossible to figure out that they were under eighteen. But that's not what the statute says. Section 1591(c) draws from the common law standard for sex offenses, and at common law a defendant could be liable for a sex offense even if they reasonably believed that the victim was of age. *X-Citement Video*, 513 U.S. at 72 n.2; *see also United States v. Brooks*, 841 F.2d 268, 269–70 (9th Cir. 1988) (per curiam). That is to say, a defendant could be liable even if the victim's appearance, mannerisms, and behavior would lead a reasonable person to believe that the victim was over the age of consent. The same is true here: a defendant can have a "reasonable opportunity to observe" a victim even if, based on those observations, no reasonable person would be able to tell that the victim was a minor.

The defendant's contrary interpretation would seem to import a negligence standard into

4

the statute: in the absence of proof of knowledge or reckless disregard of the victim's age, a defendant could only be guilty of sex trafficking of a minor if a reasonable person would have known that the victim was a minor. And that interpretation runs contrary to the text and structure of section 1591—which clearly dispenses with any *mens rea* requirement as to the victim's age—as well as its legislative history.

But the government is wrong that the meaning of the phrase comes down to whether the defendant had an in-person, face-to-face interaction with the victim. Based on the plain text of the statute, a defendant had a "reasonable opportunity to observe" the victim if the defendant could have—with reasonable effort—observed them, even if the defendant did not actually do so. To give an example: imagine a defendant transports a van of people, knowing that they will be caused to engage in commercial sex work. So long as he could open the van and observe the victims, he has a "reasonable opportunity to observe" them—even if he never takes advantage of that opportunity. In contrast, that defendant might not have a reasonable opportunity to observe the victims if the van is padlocked, and it is impossible for him to obtain a key. This interpretation comes from the statute's use of the word "opportunity." An opportunity is a chance to do something (here, a chance to observe the victim); an opportunity does not need to be seized. The government's interpretation would render the term "opportunity" meaningless.

The government's interpretation also runs counter to the purpose of section 1591(c), which places the onus of ascertaining a victim's age on the defendant. The best reading of the statute is that if a defendant is engaged in the act of sex trafficking, he is required to take all reasonable steps to facilitate an interaction with the victim that could (at least potentially, though not necessarily) allow him to assess that victim's age. *Cf. United States v. Tyson*, 947 F.3d 139, 144 (3d Cir. 2020) (explaining, in the context of a prosecution under 18 U.S.C. § 2423(a), that "those who transport individuals of any age across state lines to engage in prostitution are already on notice that [they are] committing a crime," and so the statute "places the risk on perpetrators that the person they transport is a minor"). Accepting the government's interpretation would allow a defendant to escape liability by merely avoiding any interaction

5

with the victim.[1]

Given this analysis, the defendant is precluded from arguing at trial that evidence of the victim's appearance, mannerisms, behavior, or statements is relevant to whether he had a "reasonable opportunity to observe" her. The Court will decide whether to accept the government's proposed limiting instruction, or some derivation of it, at the charging conference. The parties should also consider whether the verdict form should separately ask: (i) if the government proved beyond a reasonable doubt that the defendant knew or recklessly disregarded the fact that the alleged victim was under eighteen; and (ii) if the government proved beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the alleged victim. If the jury answers the first question in the affirmative, this debate about the meaning of section 1591(c) is unimportant, at least for purposes of this case.

**IS SO ORDERED.**

Dated: March 6, 2023

VINCE CHHABRIA
United States District Judge

---

[1] It's true that this interpretation is not completely consistent with the Supreme Court's statements in *X-Citement Video*. To recall, the Court said that where a perpetrator "confronts the underage victim personally," the law may require him to ascertain the victim's age, and the perpetrator may be held liable even if he (reasonably) misperceives that age. *X-Citement Video*, 513 U.S. at 72 n.2. *X-Citement Video* would seem to support the government's argument that an in-person, face-to-face interaction is what triggers strict liability. But section 1591(c) says there is no *mens rea* requirement so long as the defendant had a "reasonable opportunity to observe" the victim—not so long as the defendant had "an in-person, face-to-face interaction" with them. Based on the plain text of the statute, an in-person, face-to-face interaction isn't required.