UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br> v.<br>KENNETH ORLANDO SPARKS,<br>   Defendant. | Case No. 21-cr-00281-VC-1<br><br>**ORDER RE OBJECTIONS TO GOVERNMENT EXHIBITS**<br><br>Re: Dkt. Nos. 151, 156, 157 |

**Summary of Rulings from December Pretrial Conference (Dkt. No. 151)**

  This ruling addresses only Sparks' objections to the exhibits that the government plans to use in its case in chief. As discussed at the December pretrial conference, the Court will address any other evidence that the government wishes to admit on cross after Sparks testifies (or after Sparks presents his other evidence).

- **Exhibit 154.** Sparks did not object to the admission of this exhibit.
- **Exhibit 157.** Sparks argues this exhibit is not relevant and that the danger of prejudice is outweighed by its probative value. The government argues that this exhibit is relevant to Sparks' knowledge that R.G. was engaging in commercial sex work. For the reasons discussed at the pretrial conference, the following excerpt is admissible, but the remainder is not:

  Aight, Ken. Aight, young sunwalker. Your goal for tonight is to make at least 140. It would be great if you could make 120. That's your primary goal, objective number 1, make 140. Your objective number 2, young sunwalker, is to recruit bitches, you know what I'm saying, find, recruit at least one new bitch tonight, get at least one new bitch number, one new bitch contact, connect with one new bitch that we never seen before, never talked to before, and get her, you know what I'm

>saying, we'll get at least one new bitch.

If Sparks is willing to stipulate that he knew R.G. was engaging in commercial sex work as it relates to the charged conduct, the Court may revisit this ruling.

- **Exhibit 159.** This exhibit is admissible for the same reasons as Exhibit 157.
- **Exhibit 165.** Assuming that the other exhibits come in, Sparks does not object to the admission of this exhibit.
- **Exhibit 169.** Sparks did not object to the admission of this exhibit.
- **Exhibit 170.** As with Exhibit 157, the government argues that this exhibit is relevant because it goes to Sparks' knowledge that R.G. was engaging in commercial sex work. For the reasons discussed at the hearing, the following excerpt is admissible, and the remainder is not:

  >The more comfortable you are in your own skin, the more you're gonna win, you know what I'm saying? Cause skin wins, you know what I'm saying? I always tell bitches whenever they're on the blade that skin wins, you know what I'm saying? But you gotta be comfortable in your own skin to really pull it off and win.

- **Exhibit 171.** The danger of prejudice outweighs this exhibit's probative value, and so it is excluded under Rule 403.
- **Exhibit 182.** Sparks did not object to the admission of this exhibit.
- **Exhibit 184.** Assuming that the other exhibits come in, Sparks does not object to the admission of this exhibit.
- **Exhibit 188.** For the reasons discussed at the hearing, this exhibit is admissible, assuming the government can present evidence that it refers to R.G.
- **Exhibit 190.** This exhibit is excluded under Rule 403.
- **Exhibit 191.** This exhibit is excluded under Rule 403.
- **Meme at Dkt. No. 154-1 at 16.** This exhibit is excluded under Rule 403.
- **Meme at Dkt. No. 154-1 at 17.** This exhibit is excluded under Rule 403.
- **Meme at Dkt. No. 154-1 at 18.** The government argues that this meme is needed to show

that Sparks knew the terms "date" and "trick" refer to commercial sex acts. Unless Sparks stipulates to that fact, this evidence is admissible.

**Meme and Text Exchanges with Rich Chick (Dkt. No. 154-1 at 15; Dkt. No. 157-1)**

In his original motion, Sparks objected to the government's admission of Exhibit 131, a meme entitled "Win ppl KEN no LONGER afford me." *See* Dkt. No. 154-1 at 15. At the hearing, the government asserted that the trafficking offense conduct included Sparks' attempts to coordinate a threesome with R.G. and "Rich Chick." The government argued that the meme was necessary to show that Sparks and Rich Chick had an ongoing commercial relationship. But in its supplemental brief, the government argues only that the meme goes to Sparks' knowledge that R.G. would be caused to engage in commercial sex more generally, as well as Sparks' intent in creating visual representations of R.G. related to sexual conduct.

Sparks argues that the government has conceded that that incident with Rich Chick is not encompassed within the charged conduct. He now moves to exclude the meme as well as the text messages with Rich Chick under Rule 404(b) and Rule 403.

Based on this record, it's unclear whether the government believes that the incident with Rich Chick is part of the charged conduct. If it is—and if the government can present evidence that the photos in the text exchange with Rich Chick depict R.G.—then the meme and the texts may come in. If the incident with Rich Chick is not part of the charged conduct, then the evidence is excluded under Rule 403 as confusing and potentially prejudicial. The government and Sparks should come prepared to discuss this issue at the March 9 hearing. The Court will rule on the admissibility of this evidence then.

**iPhone Notes (Dkt. No. 156)**

The Court will address Sparks' objections to the iPhone notes at the March 9 hearing.

**IT IS SO ORDERED.**

Dated: March 8, 2023

VINCE CHHABRIA
United States District Judge