UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KENNETH ORLANDO SPARKS,<br>Defendant. | Case No. 21-cr-00281-VC-1<br><br>**ORDER RE DEFENDANT'S EXPERT TESTIMONY**<br><br>Re: Dkt. No. 112 |

This ruling is intended to clear up the apparent confusion related to the defendant's proposed expert testimony.

At the excusal hearing and during trial, the defendant has renewed his motion to admit the expert testimony of Crystal Deboise. The defense asserts that Deboise would testify that sex workers can have "supportive friends" in their lives, and those friends are not necessarily pimps. The defense additionally asserts that Deboise would testify that sex workers sometimes work together including, for instance, commuting together.

As the Court previously ruled, to convict a defendant under 18 U.S.C. § 1591, the government does not need to prove that the defendant specifically intended for the victim to engage in commercial sex acts. It's enough that the defendant acted in the ways proscribed by the statute and knew or recklessly disregarded the fact that those actions would cause the victim to engage in commercial sex. *See United States v. Brooks*, 610 F.3d 1186, 1195 (9th Cir. 2010). Sparks has more than adequately made a record of his argument that the statute requires something more—specifically, that the "will be caused" language of section 1591 requires the government to prove something beyond what is described above. The Court has rejected that

interpretation, and the defense must accept (for purposes of the trial and the charging conference) this construction of the statute.

Thus, Deboise's proposed testimony would not help the jury determine whether Sparks is guilty under section 1591. Even if Sparks was simply a "supportive friend," he would be guilty if he met the other elements in the statute. To use the defense's example, even if Sparks drove R.G. to the Blade solely because they were independent sex workers commuting to work together, he could still be guilty. What matters is that that the drive was a link in the causal chain that led R.G. to engage in sex work, and that Sparks either knew or recklessly disregarded that fact.

Another example illustrates why Deboise's testimony is properly excluded. Imagine a defendant is charged with statutory rape, and the government does not need to prove that he forced or coerced the minor into having sex. The defense might want to offer an expert that says, "You might think statutory rape is always violent, but it's not. Many teenagers have completely healthy sexual relationships with older people." The defense might argue that such testimony is necessary to dispel a "myth" about statutory rape. But that testimony would not help the jury determine whether the defendant was guilty, because he would be guilty even if he had a healthy relationship with the minor. Indeed, testimony that teenagers can have healthy sexual relationships with older people would come dangerously close to encouraging jury nullification—in effect, it would suggest to the jury that the defendant did nothing wrong, notwithstanding the statute criminalizing his conduct.

Perhaps the proposed testimony could be admissible if the government went out of its way to portray the relationship between Sparks and R.G. as a coercive one. In that scenario, perhaps Sparks could argue that the expert testimony was necessary to dispel a prejudicial misimpression created by the government, even though coercion is not an element of the crime charged in Count Two, and even though the government is not specifically arguing coercion with respect to Count Three. But so far, nothing close to that has happened.

This relates to another point of confusion at the excusal hearing. At the original hearing regarding Deboise's testimony, the government said it would not argue that Sparks coerced R.G.

under Counts Two and Three. But the government did not concede (as Sparks suggested at the excusal hearing) that it would not argue that Sparks benefited financially from his relationship to R.G. The government also did not concede that it would not argue that Sparks was R.G.'s pimp. To the extent the government suggests either of these things in its presentation, that would not run afoul of the Court's previous order.

If the defense can articulate a theory of admissibility for Deboise's testimony that would be consistent with the Court's interpretation of section 1591 and with the government's proposed presentation of Count 3, the Court is happy to consider it. Until and unless that happens, the proposed testimony will continue to be precluded.

**IT IS SO ORDERED.**

Dated: March 13, 2023

VINCE CHHABRIA
United States District Judge