UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH ORLANDO SPARKS,<br><br>Defendant. | Case No.  21-cr-00281-VC-1<br><br>**COURT'S PROPOSED JURY INSTRUCTIONS (2)**<br><br>Re: Dkt. No. 145 |

The below draft jury instructions incorporate the changes discussed at the charging conference. It also includes a change to the instruction for element two of Count 2 and several other minor changes.

**IT IS SO ORDERED.**

Dated: March 16, 2023

VINCE CHHABRIA
United States District Judge

## **Table of Contents**

1.     Duties of Jury to Find Facts and Follow Law ................................................................. 3

2.     Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof     4

3.     Reasonable Doubt—Defined ........................................................................... 5

4.     Defendant's Decision to Testify ..................................................................... 6

5.     Jury Consideration of Punishment .................................................................. 7

6.     What is Evidence ........................................................................................ 8

7.     What is Not Evidence ................................................................................... 9

8.     Direct and Circumstantial Evidence ............................................................. 10

9.     Credibility of Witnesses .............................................................................. 11

10.    Statements by Defendant ............................................................................ 12

11.    Activities Not Charged ............................................................................... 13

12.    Production of Child Pornography ................................................................ 14

13.    Defense of Reasonable Belief of Age .......................................................... 15

14.    Sex Trafficking of a Minor ......................................................................... 16

15.    Enticement of a Minor ................................................................................ 18

16.    Definitions of the Terms "Know" and "Knowingly" .................................... 19

17.    Consent of Minor ....................................................................................... 20

18.    Separate Consideration of Multiple Counts—Single Defendant ................... 21

19.    Duty to Deliberate ...................................................................................... 22

20.    Consideration of Evidence—Conduct of the Jury ....................................... 23

21.    Use of Notes .............................................................................................. 24

22.    Communication with Court ......................................................................... 25

23.    Verdict Form .............................................................................................. 26

### 1.  <u>Duties of Jury to Find Facts and Follow Law</u>

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**2.** **Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

      The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.

      In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

### 3.   <u>Reasonable Doubt—Defined</u>

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

### 4. <u>Defendant's Decision to Testify</u>

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

### 5.   <u>**Jury Consideration of Punishment**</u>

The punishment provided by law for the crimes alleged is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**6.   <u>What is Evidence</u>**

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits received in evidence; and

    (3) any facts to which the parties have agreed.

### 7.  <u>**What is Not Evidence**</u>

The following things are not evidence, and you may not consider them in deciding what the facts are:

    (1) Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

    (2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

    (3) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### 8.   <u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### 9.  <u>Credibility of Witnesses</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

> (1) the opportunity and ability of the witness to see or hear or know the things testified to;

> (2) the witness's memory;

> (3) the witness's manner while testifying (although please remember that people may have different reactions to the pressure of testifying in court);

> (4) the witness's interest in the outcome of the case, if any;

> (5) the witness's bias or prejudice, if any;

> (6) whether other evidence contradicted the witness's testimony;

> (7) the reasonableness of the witness's testimony in light of all the evidence; and

> (8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### 10. <u>Statements by Defendant</u>

You have heard testimony that the defendant made out-of-court statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

### 11. <u>Activities Not Charged</u>

You are here only to determine whether the defendant is guilty or not guilty of the charges. The defendant is not on trial for any conduct or offense not charged.

**12. <u>Production of Child Pornography</u>**

**Count 1**

The defendant is charged in Count 1 with production of child pornography.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> (1) at the time of the production, Ms. Garcia was under the age of eighteen years;
>
> (2) the defendant employed, used, or persuaded Ms. Garcia to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and
>
> (3) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

"Sexually explicit conduct" means sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal intercourse, whether between persons of the same or opposite sex.

"Producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

"Visual depiction" means undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

The term "used" in the second element of this instruction means "to put into action or service," "to avail oneself of," or "to employ."

Knowledge of the age of the minor is not an element of the offense, and so the government does not need to prove that the defendant knew that Ms. Garcia was a minor. However, as discussed in the next instruction, the defendant is not guilty of this count if he proves by clear and convincing evidence that he did not know and could not reasonably have learned Ms. Garcia's true age.

### 13. <u>Defense of Reasonable Belief of Age</u>

**Applicable to Count 1 Only**

It is a defense to a charge of Production of Child Pornography that the defendant did not know, and could not reasonably have learned, that Ms. Garcia was under 18 years of age.

The defendant bears the burden of proving this defense. To do so, he must show by clear and convincing evidence—that is, that it is highly probable—that he did not know and could not reasonably have learned that Ms. Garcia was under 18 years of age. Proof by clear and convincing evidence is a lower standard of proof than proof beyond a reasonable doubt.

If you find by clear and convincing evidence that the defendant did not know and could not reasonably have learned that Ms. Garcia was under 18 years of age, you must find the defendant not guilty of the charge of production of child pornography (Count 1).

**14. <u>Sex Trafficking of a Minor</u>**

**Count 2**

The defendant is charged in Count 2 with engaging in sex trafficking of a minor.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> (1) the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, or solicited Ms. Garcia;

> (2) the defendant knew or was in reckless disregard of the fact that as a result of that action, Ms. Garcia would engage in a commercial sex act;

> (3) Ms. Garcia was under the age of 18 years old, and

>> (a) the defendant knew that Ms. Garcia was under the age of 18 years old; or

>> (b) the defendant recklessly disregarded the fact that Ms. Garcia was under the age of 18 years old; or

>> (c) the defendant had a reasonable opportunity to observe Ms. Garcia;

> (4)  the defendant's acts were in or affecting interstate or foreign commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person. The government does not have to prove that a commercial sex act actually occurred.

The third element may be proven through any of the three methods listed above.

"Reckless disregard" means that the defendant was aware of facts from which the inference could be drawn that there was a substantial risk that Ms. Garcia was under the age of 18, and that he drew the inference that there was such a risk. To determine whether the defendant was in "reckless disregard" of the fact that Ms. Garcia was under the age of 18, you may consider what the defendant was made aware of by his senses, including what the defendant saw, heard, or read, as well as what he said or did in response.

In considering whether the defendant had a "reasonable opportunity to observe" Ms. Garcia, you may consider whether the defendant had an in-person, face-to-face interaction with

Ms. Garcia, the amount of time he spent interacting with Ms. Garcia, and all the circumstances in which the interaction occurred. Whether Ms. Garcia appeared to be over the age of 18—based on her physical appearance, behavior, mannerisms, or anything else—is not relevant to whether the defendant had a reasonable opportunity to observe her. Whether the defendant believed that Ms. Garcia was over the age of 18 is also not relevant to whether he had a reasonable opportunity to observe her.

In determining whether the defendant's conduct was "in or affecting interstate or foreign commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers.

**15. <u>Enticement of a Minor</u>**

**Count 3**

*(This instruction is subject to reviewing the parties' briefs.)*

The defendant is charged in Count 3 with enticing a minor to commit sexual activity in violation of California Penal Code § 311.3. For the defendant to be found guilty of that charge the government must prove beyond a reasonable doubt:

(1) the defendant used the internet, to knowingly persuade, induce, or entice Ms. Garcia to engage in sexual activity;

(2) the defendant could have been charged for that sexual activity with a criminal offense under California Penal Code § 311.3. Under California Penal Code § 311.3, it is a criminal offense to knowingly exchange any image, knowing that the image depicts a person under the age of 18 years old engaged in defecation or urination for the purpose of sexual stimulation of the viewer;

(3) Ms. Garcia was under the age of 18 years old; and

(4) the defendant knew Ms. Garcia was under the age of 18 years old.

**16. <u>Definitions of the Terms "Know" and "Knowingly"</u>**

At various points in these instructions, you are asked to consider whether the defendant "knew" certain facts. A defendant "knows" a fact when he has actual knowledge of the fact, meaning he knows of its existence. You may rely on circumstantial evidence in determining whether the defendant "knew" a fact. It is for you to decide how much weight to give to any evidence.

You are also asked to consider whether the defendant acted "knowingly."  An act is done "knowingly" if a defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

The government is not required to prove that the defendant knew that his acts were unlawful.

### 17. <u>Consent of Minor</u>

Any consent by Ms. Garcia to sexual conduct is not a defense to any of the charges.

### 18. <u>**Separate Consideration of Multiple Counts—Single Defendant**</u>

A separate crime is charged against the defendant in each count.  You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

### 19. <u>Duty to Deliberate</u>

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

### 20. <u>Consideration of Evidence—Conduct of the Jury</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Courtroom Deputy.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**21. <u>Use of Notes</u>**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 22. <u>Communication with Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me or the Courtroom Deputy—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

## 23. <u>Verdict Form</u>

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom. Do not tell the Courtroom Deputy what your verdict is.